# In the United States Court of Federal Claims

No. 12-539 C

(Filed April 26, 2013)

| | |
|---|---|
| DIVERSIFIED MAINTENANCE<br>SYSTEMS, INC.,<br>　　　　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES,<br>　　　　　　　　Defendant. | ) Motion to Dismiss for Lack of Subject-<br>) Matter Jurisdiction, RCFC 12(b)(1);<br>) Contract Disputes Act of 1978, 41<br>) U.S.C. §§ 7101-7109; Burden of Proof<br>) for Jurisdictional Facts Establishing<br>) Submission of Claim to Contracting<br>) Officer. |

## ORDER

　　This matter comes before the court on defendant's Motion to Dismiss (ECF No. 6). Defendant contends this court lacks jurisdiction over plaintiff's Complaint (ECF No. 1) brought pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 7101 *et seq.* because plaintiff had not submitted a valid claim to the contracting officer (CO), a jurisdictional requisite to CDA litigation in this forum. Upon analysis, it is concluded that proof this jurisdictional requirement was satisfied is lacking. Accordingly, absent jurisdiction over the matter, dismissal without prejudice is required.[1]

## Background

　　Plaintiff's Complaint filed August 24, 2012, relates plaintiff's award of a Delivery Order Contract in support of the United States Army's Redstone Arsenal in Alabama. Plaintiff pleads that "[o]n or about July 14, 2011, [it] submitted a certified claim seeking cost and time increases associated with unsuitable soils and delays attributable to those differing site conditions, and changes directed by the Army." (Compl. ¶ 3, ECF No.1.) Plaintiff's Complaint describes two changes in the original scope of work, both due to assertedly unsuitable soil. The first, requested by the CO on April 6, 2011, was performed but the result was not satisfactory, leading to the

---

[1] Pursuant to 41 U.S.C. § 7103(a)(4)(A), plaintiff has six years after accrual of its claim to submit a valid claim to the CO. Following dismissal of this litigation, should plaintiff then submit the same claim to the CO, obtain a decision pursuant to 41 U.S.C. § 7103(a)(3) or (f)(5) and then elect to timely file a *de novo* action on the merits in this court, the filing fee shall be waived.

second set of directions and changes "on or before July 14, 2011." (*Id.* ¶¶ 6-9.) "[C]osts and time associated with the initial direction" are a 61-day extension of the contract performance time and "$106,277.98 in increased costs of performance." (*Id.* ¶ 10.) The Complaint concludes that "[n]o final decision of the contracting officer was received." (*Id.* ¶ 4.)

No such claim letter was attached to the Complaint, and defendant's Motion represents that it was not aware of one.

> [T]he Government is not aware of any claim, certified or otherwise, submitted by [plaintiff] to the contracting officer on or about July 14, 2011 relating to the contract. Nor is the Government aware of any claim, certified or otherwise, submitted by [plaintiff] to the contracting officer seeking cost and time increases associated with unsuitable soils and delays attributable to differing site conditions and changes directed by the Army, as alleged in the complaint.

(Def.'s Mot. Dismiss 4, ECF No. 6.)

In response, plaintiff argues that the allegation in the Complaint of its submission of a "claim" is presumed to be true and sufficient to survive defendant's Motion to Dismiss. Nevertheless, plaintiff attaches a purported copy of "the claim letter, as submitted," contending it "contains all of the essential elements of a claim, including certification." (Op. Def.'s Mot. Dismiss 3, ECF No. 8.)

Defendant's Reply disagrees with plaintiff's assessment of its burden of proof concerning jurisdictional facts and includes an affidavit from Leo Hickman, Chief of Contracting (following the retirement of Donna Parker, the CO during times relevant here), that "the claim letter" plaintiff references was not in the files, and affirming that the addressee of that purported claim letter was not the CO. (Def.'s Reply 2-3 & A1, ECF No. 9.)

## Discussion

This court has "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under . . . the [CDA] . . . on which a decision of the contracting officer has been issued under . . . that Act." 28 U.S.C. § 1491(a)(2);

*see also Todd Constr. L.P. v. United States*, 656 F.3d 1306, 1310-11 (Fed. Cir. 2011). The CDA, 41 U.S.C. § 7103(a) and (b), provides that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be in writing," "shall be submitted to the contracting officer for a decision," and "[f]or claims of more than $100,000 . . . the contractor shall certify [the claim]." The CDA, as a "waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Orff v. United States*, 545 U.S. 596, 601-02 (2005); *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009) (explaining that a waiver "'must be unequivocally expressed in statutory text and will not be implied'" (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted)). Accordingly, the "strict limits of the CDA [are] 'jurisdictional prerequisites to any appeal.'" *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1329 (Fed. Cir. 2010) (quoting *England v. Swanson Grp., Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004)).[2] If subject-matter jurisdiction is lacking, dismissal is required. RCFC 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The submission of a valid claim to the CO and a final decision on that claim are jurisdictional prerequisites to litigation in this court. *See M. Maropakis Carpentry*, 609 F.3d at 1327 ("This Court has found that jurisdiction thus requires both a valid claim and a contracting officer's final decision on that claim.") (citation omitted); *England*, 353 F.3d at 1379.[3]

In reliance on *Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995), plaintiff contends that for the purpose of this Motion to Dismiss, the factual allegations of its Complaint must be accepted as true. However, this is not the case with respect to jurisdictional allegations. *See Shoshone Indian Tribe of the Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("If a Rule 12(b)(1)

---

[2] Unlike the proceeding involved when an "appeal" of a CO decision is taken to an agency board under 41 U.S.C. § 7105, bringing an action directly on the claim in the United States Court of Federal Claims, pursuant to 41 U.S.C. § 7104, is not an "appeal" of the CO decision. Instead, the action in the Court of Federal Claims proceeds *de novo* with the CO decision having relevance solely as a jurisdictional prerequisite. 41 U.S.C. § 7104(b)(4); *Wilner v. United States*, 24 F.3d 1397, 1401-02 (Fed. Cir. 1994).

[3] If a CO fails to issue a decision within the required period of time, the CDA provides that the failure is deemed to be a decision denying the claim such as to authorize the filing of a *de novo* action on the matter in this court. 41 U.S.C. § 7103(f)(5); *Pathman Constr. Co. v. United States*, 817 F.2d 1573, 1575 (Fed. Cir. 1987).

motion challenges a complaint's allegations of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true."). As defendant has challenged the jurisdictional factual assertion that a CDA claim was submitted, the court may consider relevant evidence outside the pleadings to resolve that factual dispute. *Id.*; *Arakaki v. United States*, 62 Fed. Cl. 244, 247 (2004) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)); *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985)); *see* 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[3] (3d ed. 2012) ("[U]nlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation to the face of the pleadings . . . ."). Plaintiff bears the burden of establishing this court's jurisdiction by a preponderance of the evidence. *See Reynolds*, 846 F.2d at 748.

A "claim" is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101 (2011). A proper claim must contain both: "(1) adequate notice of the basis and amount of a claim and (2) a request for a final decision." *M. Maropakis Carpentry*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). When a claim seeks more than $100,000, it must be certified in accordance with 41 U.S.C. § 7103(b)(1), but a defective certification may be corrected during the pendency of a suit in this court, *id.* § 7103(b)(3).

"Claim" should be broadly construed. *Todd Constr.*, 656 F.3d at 1311. There is "no requirement in the [CDA] that a 'claim' must be submitted in any particular form or use any particular wording." *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987); *see Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1579 (Fed. Cir. 1992), *overruled on other grounds by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (en banc) (holding that submissions qualified as CDA claims when the contractor "asserted in writing and with sufficient specificity a right to additional compensation" and "the contractor communicated his desire for a contracting officer decision"); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1394-96 (Fed. Cir. 1987) (finding that letters indicating an intent to file a claim in the future for an unspecified amount were not claims).

"'All that is required is that the contractor submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate

notice of the basis and amount of the claim.'" *Northrop Grumman Computing Sys., Inc. v. United States*, 709 F.3d 1107, 1112 (Fed. Cir. 2013) (quoting *Contract Cleaning Maint. Inc.*, 811 F.2d at 592). Moreover, the contractor's request for a decision from the CO need not be explicit; it may be implied. *James M. Ellett Constr. Co.*, 93 F.3d at 1543; *see also Transamerica. Ins. Corp.*, 973 F.2d at 1576 ("The statute's broad language demonstrates that as long as what the contractor desires by its submissions is a final decision, that prong of the CDA claim test is met."). "[T]he phrase 'as a matter of right' in the regulatory definition of a 'claim' requires only that the contractor specifically assert entitlement to the relief sought. That is, the claim must be a demand for something due or believed to be due rather than, for example, a cost proposal for work the government later decides it would like performed." *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1265 (Fed. Cir. 1999); *see also Todd Constr. Co.*, 656 F.3d at 1311-12.

A claim containing the required elements must be submitted to the contracting officer. *See Arctic Slope Native Ass'n v. Sebelius*, 583 F.3d 785, 793 (Fed. Cir. 2009) ("[T]he presentment of claims to a contracting officer . . . is a prerequisite to suit in the Court of Federal Claims." (citing *England v. Swanson Grp.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004) and *Sharman Co. v. United States*, 2 F.3d 1564, 1568 (Fed. Cir. 1993), *overruled on other grounds by Reflectone, Inc*, 60 F.3d 1572)). The submission requirement is met if the contractor sends its claim directly to the contracting officer or if "the contractor sends a proper claim to its primary contact with a request for a final decision of **the contracting officer** and a reasonable expectation that such a request will be honored, and the primary contact in fact timely delivers the claim to the contracting officer." *Neal & Co. v. United States*, 945 F.2d 385, 388 (Fed. Cir.1991) (emphasis in original); *see also Dawco Constr., Inc. v. United States*, 930 F.2d 872, 880 (Fed. Cir. 1991) ("Neither the Act, nor its implementing regulations, instructs the contractor how [submission] must be accomplished . . . . [T]he purpose of the Act's 'submit' language is not related to the minutia of addressing or delivering claim letters, . . . but is merely a requirement that once a claim is made, the parties must 'commit' the claim to the contracting officer and 'yield' to his authority to make a final decision."), *overruled on other grounds by Reflectone, Inc.*, 60 F.3d 1572.

Plaintiff submits no evidence that the letter dated July 14, 2011 was submitted to, or received by, the CO. In *Neal & Co.* the contractor sent its claim to its primary government contact and the CO actually received the claim, 945 F.2d at 388-89;

plaintiff here does not allege that Morgan Murphree, the addressee on the July 14, 2011 letter, was its primary contact on this Delivery Order. *See Danka de P.R., Inc. v. United States*, 63 Fed. Cl. 20, 23-24 (2004) (dismissing CDA case where claim letter was not sent to the contracting officer and no evidence was offered that the contracting officer had received the claim).   Other than plaintiff's conclusory statement in its Complaint that its claim letter was "submitted" (with no "to whom" it was submitted) and that no final CO decision was received, no other evidence was offered on this jurisdictional requirement.   In contrast, defendant submitted an affidavit that despite a thorough search, no such letter was in the CO's files, averring that following the retirement of the CO for plaintiff's Delivery Order, Donna Parker:

> documents related to the Delivery Order from the office files, electronic files and archived storage files for the Mobile District's Contracting Division and Construction Resident and Area Offices that administered the Delivery Order were thoroughly searched.  No letter dated July 14, 2011 was found as part of that search, nor were any documents found that referenced a letter dated July 14, 2011.

(Def.'s Reply A1, ECF No. 9-1.)[4]

Questions as to the addressee of the letter aside, even if the July 14, 2011 letter was mailed/submitted but not received, it is well-settled that "it is the 'contractor [who] bears the risk for delayed or lost submissions prior to receipt by the [contracting officer].'" *Dawco Constr., Inc.*, 930 F.2d at 880 (alterations in original) (quoting *Am. Pac. Roofing Co. v. United States*, 21 Cl. Ct. 265, 268 (1990).

Notably, these jurisdictional requirements were recently clearly stated and applied in dismissing another Complaint by plaintiff.  In *Diversified Maintenance Systems, Inc. v. United States*, 103 Fed. Cl. 431 (2012), a decision dated February 21, 2012, defendant's Motion to Dismiss plaintiff's Complaint was granted for failure to submit a claim to the contracting officer.

---

[4] "The Resident Office responsible for overseeing this project did receive an unsigned letter from [plaintiff] addressed to Morgan Murphree, dated August 2, 2011, requesting additional compensation in the amount of $74,739.35 and a 67 calendar day time extension." (*Id.* A2.) It is not contended that this letter is a claim.

> [Diversified Maintenance Systems, Inc.] has neither alleged nor
> established that it submitted a certified claim with the contracting officer
> before commencing this suit. Because the submission of a CDA claim
> and a final decision on that claim are jurisdictional prerequisites to suit
> in this court, the court must dismiss [Diversified's] suit for lack of
> subject matter jurisdiction pursuant to RCFC 12(b)(1).

103 Fed. Cl. at 439. Despite this clear articulation, plaintiff has repeated its earlier action by filing the instant Complaint on August 24, 2012, some six months later, without sufficient attention to that prior instruction.

The court concludes that plaintiff has failed to establish by a preponderance of the evidence that the July 14, 2011 letter was "submitted to the contracting officer for a decision," 41 U.S.C. § 7103(a)(1), therefore, this court lacks jurisdiction. *M. Maropakis Carpentry,* 609 F.3d at 1327; *England,* 353 F.3d at 1379; *see also L.A. Ruiz Assocs., Inc. v. United States,* 94 Fed. Cl. 768, 772 (2010) ("Plaintiff has not presented any evidence which would lead the Court to conclude that the letter was ever actually **submitted to, or received by**, the contracting officer for review.") (emphasis in original).

Notwithstanding the foregoing, examining the contents of the July 14, 2011 letter, it is noted that two requests for additional work are referenced, both assertedly due to unforeseen soil conditions, the first "received on or about April 6, 2011." That work was done but apparently the results were not satisfactory. (Pl.'s Resp. 2, ECF No. 8-1.) Accordingly, a "second set of directions" was then-recently given and, as the letter represents, would be performed. The additional costs of $106,277.98 and 61-day time extension are for the "initial direction." (*Id.* at 3.) While the word "claim" appears in this letter and there is a "Disputes Clause Certification," the letter appears more informative rather than demanding a final CO decision, or suggesting that there was a dispute over this additional time or cost. *See* 48 C.F.R. § 2.101 (defining "claim" and explaining that "[a] voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim."). However, because of the court's findings herein, it is not necessary to further examine the substance of that letter for its compliance with other requirements of the CDA.

It is not possible to suspend or stay this litigation to afford plaintiff an opportunity to submit a valid claim to the CO; jurisdiction in this forum rises or falls

on the circumstances at the time the initial Complaint was filed. *Sharman Co.*, 2 F.3d at 1569; *see also Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought[.]"). Neither would supplemental pleadings under RCFC 15(d) cure the jurisdictional defect. *Black v. Sec'y of Health and Human Servs.*, 93 F.3d 781, 790-91 (Fed. Cir. 1996). Moreover, a stay of this litigation would not offer a cure because the CO has no authority to rule on a claim that is in litigation. *See Sharman Co.*, 2 F.3d at 1571 ("Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation," thereby "divest[ing] the contracting officer of his authority to issue a final decision on the claim."). *See Case, Inc. v. United States*, 88 F.3d 1004, 1009 (Fed. Cir. 1996) ("when a contracting officer lacks authority to issue a final decision on a claim, there can be no valid deemed denial of the claim so as to confer CDA jurisdiction . . . .").

The time period for plaintiff to submit a claim to the CO has not expired,[5] and in this circumstance prudence, as well as jurisdictional infirmities, dictate the dismissal of this action. Accordingly, the court concludes it lacks subject-matter jurisdiction over plaintiff's Complaint and grants defendant's Motion to Dismiss which removes the pending litigation obstruction to the CO's authority to consider plaintiff's claim upon a valid and timely submission. *See Alaska Pulp Corp. v. United States*, 34 Fed. Cl. 100, 103-04 (1995); *see also Boeing Co. v. United States*, 31 Fed. Cl. 289, 292-93 (1994). Should, following a valid, final CO decision or deemed denial, plaintiff elect to file a *de novo* action, as noted, plaintiff may so file in this court without an additional filing fee.

### CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**; and

---

[5] The timeliness requirement is met if a contractor submits its claim to the CO within six years of its accrual. 41 U.S.C. § 7103(a)(4)(A); *see Uniglobe Gen. Trading & Contracting Co. v. United States*, 107 Fed. Cl. 423, 430-31 (2012).

(2) The Clerk of Court shall **DISMISS** plaintiff's Complaint without prejudice pursuant to RCFC 12(b)(1).

s/ James F. Merow
James F. Merow
Senior Judge